1  Stephen M. Garcia, State Bar No. 123338
       sgarcia@lawgarcia.com
2  David M. Medby, State Bar No. 227401
       dmedby@lawgarcia.com
3  THE GARCIA LAW FIRM
   One World Trade Center, Suite 1950
   Long Beach, California 90831
4  Telephone: (562) 216-5270
   Facsimile: (562) 216-5271

5

6  Don Howarth, State Bar No. 53783
       dhowarth@howarth-smith.com
7  Suzelle M. Smith, State Bar No. 113992
       ssmith@howarth-smith.com
8  Darcy R. Harris, State Bar No. 200594
       dharris@howarth-smith.com
9  HOWARTH & SMITH
   523 West Sixth Street, Suite 728
10 Los Angeles, California 90014
   Telephone: (213) 955-9400
11 Facsimile: (213) 622-0791

12 *Counsel for Plaintiff and*
   *Proposed Counsel for the Putative Class*

13

14          **UNITED STATES DISTRICT COURT**

15          **CENTRAL DISTRICT OF CALIFORNIA**

16 JENNIFER BURNHAM,                    ) CASE NO. 08-07461 SVW
   individually and on behalf of a class )
17 of others similarly situated,         ) **COLLECTIVE ACTION**
                                         )
18                                       ) **CLASS ACTION**
                        Plaintiff,       )
19                                       ) **COMPLAINT FOR:**
                                         )
20              vs.                      ) **1.  VIOLATION OF THE**
                                         ) **FAIR   LABOR STANDARDS**
21                                       ) **ACT (FLSA);**
   KENDAL FLORAL SUPPLY, LLC,            ) **2.  VIOLATION OF CAL.**
22                                       ) **WAGE ORDERS NO. 4-2001,**
                                         ) **NO. 7-2001 & MINIMUM**
23                      Defendant.       ) **WAGE ORDER AND CAL.**
                                         ) **LABOR CODE §§ 510, 1182.11,**
   ————————————————————————             ) **1194, 1197;**
24                                       ) **3.  VIOLATION OF**
                                           **CALIFORNIA WAGE**
25                                         **PAYMENT PROVISIONS,**
                                           **CAL. LABOR CODE §§201,**
26                                         **202, & 203;**
                                           **4.  VIOLATION OF**
27                                         **CALIFORNIA RECORD-**
                                           **KEEPING PROVISIONS, CAL.**
28                                         **WAGE ORDERS NO. 4-2001 &**

                                    1

Class Action Complaint

NO. 7-2001, CAL. LABOR
CODE §§226, 1174, & 1174.5;
5. VIOLATION OF
CALIFORNIA MEAL AND
REST PERIOD PROVISIONS,
CAL. WAGE ORDERS NO. 4-
2001 & NO. 7-2001, CAL.
LABOR CODE §§ 218.5, 226.7,
& 512;
6. VIOLATION OF
REIMBURSEMENT OF
EXPENSES AND UNLAWFUL
DEDUCTION PROVISIONS,
CAL. WAGE ORDERS NO. 4-
2001 & NO. 7-2001; CAL.
LABOR CODE §§ 221, 223,
400-410, & 2802
7. VIOLATION OF
CALIFORNIA UNFAIR
COMPETITION LAW
("UCL"), CAL. BUS. & PROF.
CODE § 17200 ET SEQ.
8. VIOLATION OF ERISA §
502(A)(3);
9. VIOLATION OF ERISA §
2ET SEQ. AND BREACH OF
FIDUCIARY DUTY
10. PLAN ENFORCEMENT
UNDER ERISA, § 502(a)(1)(B)

## DEMAND FOR JURY TRIAL

Plaintiff JENNIFER BURNHAM (hereinafter referred to as "MS. BURNHAM" or "PLAINTIFF"), an individual, on her own behalf and as representative of a putative class of similarly situated parties, complains and alleges as follows:

### *JURISDICTION AND VENUE*

1.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501 (e)(1) of the Employee Retirement Income Security Act (" ERISA"), 29 U.S.C. §1132(e)(1).

2.     This Court also has original jurisdiction over this action under the Class

2

Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's California wage and hour law claims, because those claims derive from a common nucleus of operative fact.

4.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    The Central District of California has personal jurisdiction over KENDAL FLORAL SUPPLY, LLC (hereinafter referred to as "DEFENDANT" or "KENDAL") because KENDAL is a limited liability company organized and existing pursuant to the laws of the State of California, is doing business throughout the State of California, including in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this District.

### *SUMMARY OF CLAIMS*

7.    Plaintiff, MS. BURNHAM was employed by KENDAL from January 10, 2006 to August 28, 2008. Her duties included operating kiosks for KENDAL at Costco stores that displayed and sold flowers to the public, hiring and supervising other employees, and regularly reporting to the Kendal district manager on a daily and weekly basis. KENDAL directed and controlled the classification of, method of payment to and benefits of MS. BURHAM and other employees.  MS. BURNHAM and other employees working at these kiosks and other locations for KENDAL ("KENDAL EMPLOYEE CLASS") were and/or are misclassified by KENDAL as

Class Action Complaint

"independent contractors" and thereby improperly treated as exempt from the provisions of federal law governing employees including the FLSA and/or the applicable state wage and hour laws of California, as described below.

8. On September 22, 2008, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("CDLR") began an investigation of KENDAL's employment practices. Initially, CDLR cited MS. BURNHAM for violations of California labor law; however, those citations have been dismissed because the employer is not MS. BURNHAM but KENDAL. CDLR is pursuing KENDAL for violations because MS. BURHAM and the others she supervises and others similarly situated ("KENDAL EMPLOYEE CLASSES") are not independent contractors but KENDAL employees. At a meeting on MS. BURNHAM's Appeal of the citations, , the Deputy Labor Commissioner Angela Aguilar stated that KENDAL appeared to be the employer of MS. BURNHAM and others, and that they were not independent contractors of KENDAL. MS. BURHAM supervised others and classified them for payment and benefits based on the directions and instructions of KENDAL.

9. Plaintiff brings this action on behalf of herself and all persons who were, are, or will be employed by KENDAL nationwide to work at flower kiosks at Costco and other locations, in various roles, including but not limited to supervisors, helpers and employees ("KENDAL EMPLOYEE CLASSES"), at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by KENDAL as "independent contractors" and thereby treated as exempt from requirements for employees under federal law, including minimum wage, benefits and overtime compensation. This group is hereinafter referred to as the "KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs."

10. Plaintiff also brings this action on behalf of all persons who were, are, or will be employed by KENDAL in California in the Class Positions (hereinafter the

4

1    "KENDAL EMPLOYEE California Class"), at any time within the four years prior

2    to the date of the filing of this Complaint through the date of the final disposition of

3    this action (the "California Class Period"), and who were, are, or will be misclassified

4    as "independent contractors" and thereby treated as exempt from requirements for

5    employees under California law, including but not limited to payment of minimum

6    wage or the amount which other similarly qualified KENDAL employees were being

7    compensated during the time period for similar work; overtime compensation; meal

8    and rest breaks; workers compensation coverage and other benefits including health

9    benefits; itemized wage statements and payroll deductions for taxes and other

10   required withholdings; payment of all amounts owed upon termination; not making

11   unlawful deductions from payments made to Class members; and reimbursement for

12   all necessary and reasonable expenses incurred in connection with the performance of

13   job duties.

14       11.    Plaintiff also brings this action on behalf of herself and all persons who

15   were, are, or will be employed by Defendant nationwide in the Class Positions within

16   the six years prior to this action's filing date through the date of the final disposition

17   of this action ("the ERISA Class Period"), who were, are, or will be misclassified as

18   "independent contractors" and who should have been included in and covered by

19   KENDAL'S 401(k) Plan ("the 401(k) Plan") and other benefit plans that KENDAL

20   provides to its employees  (hereinafter the "KENDAL EMPLOYEE ERISA Class").

21       12.    On information and belief, at all relevant times, Defendant has been the

22   plan sponsor of the 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C.

23   § 1002(16)(B). On information and belief, Defendant has exercised actual

24   responsibility, authority, and/or control with regard to the crediting of compensation

25   under the 401(k) Plan, thereby making it a fiduciary of that plans within the meaning

26   of ERISA § 3(21), 29 U.S.C. § 1002(21).  On information and belief, KENDAL

27   provides its employees other benefits, including but not limited to health coverage

28   and vacation and sick pay (hereinafter "Other ERISA Benefits Plan"), which

5

constitutes an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

13.    On information and belief, Defendant, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

14.    At all relevant times, Plaintiff was an employee of Defendant, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and on information and belief, was entitled to be a participant in the 401(k) Plan and "Other ERISA Benefits Plan" within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7). KENDAL'S website states: "Our dedication to our employees continues from farm to warehouse. All of the workers employed in the United States have full benefits and a 401K program." See http://www.kendalfloral.com/company/workforce.html.

15.    Defendant unlawfully classifies Plaintiff, the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, and the KENDAL EMPLOYEE California Class members as "independent contractors" and thereby treats them as exempt from minimum wage, benefits, and overtime payments required under federal and California Laws and other requirements of California wage and hour law, despite the fact that they are not independent contractors and not exempt from such requirements. Plaintiff, the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, and the KENDAL EMPLOYEE California Class members worked hours for which they were not paid minimum wage or the amount which other similarly qualified KENDAL employees were being compensated during the time period for similar work, worked overtime hours, as defined by the applicable federal and California laws, and are and have been entitled to lawful compensation for all hours

6

worked, including premium compensation at one and one-half times the regular hourly rate for overtime hours and at twice the regular hourly rate for some overtime hours ("overtime compensation"), as well as benefits. Defendant KENDAL designed a scheme whereby it paid Plaintiff and the KENDAL Employee CLASS members, not based on hours worked but on KENDAL flowers sold, deducting amounts for flowers not sold.   This scheme resulted in underpayments to Plaintiff and the KENDAL EMPLOYEE CLASS members.   Defendant has willfully refused to pay Plaintiff, KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, and the KENDAL EMPLOYEE California Class members the required lawful minimum wage, benefits and/or overtime compensation for hours worked and has failed to keep time records as required by law.   Further, as to the KENDAL EMPLOYEE California Class, as a result of such misclassification, Defendant has failed to accord Class members the rights and benefits due to employees under California law, including but not limited to (a) properly calculating the Class members' wages; (b) providing them itemized wage statements; (c) paying them minimum wage and/or that amount which other similarly qualified KENDAL employees were being compensated during the time period for similar work; (d) paying them overtime compensation for hours worked in excess of 8 hours in one day and/or 40 hours in one week; (e) ensuring that they take proper meal and rest breaks or otherwise crediting them for breaks not taken; (f) deducting proper tax and other amounts legally required to be withheld from their pay; (g) providing workers' compensation coverage and other benefits such as health benefits; (h) paying all amounts owed upon termination; (i) not making unlawful deductions from payments made to Class members; and (j) reimbursing KENDAL EMPLOYEE California Class members for all necessary and reasonable expenses incurred by them in connection with the performance of their job duties, all as required by applicable California laws, wage orders and regulations.

16.    Defendant has failed to include Plaintiff and the ERISA Class in the

401(k) Plan and the Other ERISA Benefits Plan that KENDAL employees are entitled to participate in. Defendant has failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the 401(k) Plan and/or the Other ERISA Benefits Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

17.    Defendant has failed to keep proper records of Plaintiff's and the ERISA Class's work, including overtime work. Defendant has failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the 401(k) Plan or the Other ERISA Benefits Plan,, as required under ERISA § 209, 29 U.S.C. § 1059.

18.    Defendant has failed to credit Plaintiff and the ERISA Class for work, including overtime work, as Compensation under the 401(k) Plan. Defendant has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

19.    Defendant's practices violate the FLSA, ERISA, and the California laws pled herein. Plaintiff seeks injunctive and declaratory relief, compensation at no less than the minimum wage and/or that which other similarly qualified KENDAL employees were being compensated over the time period, overtime compensation for all overtime work required, suffered, or permitted by KENDAL, damages for the value of exclusion from the 401(k) plan and other employee benefits such as health insurance, damages for making unlawful deductions from payments made to Class members and/or failing to reimburse them for all necessary and reasonable expenses incurred in connection with the performance of their job duties, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

20.    Plaintiff MS. BURNHAM is an individual who, at all times relevant

hereto, was domiciled in the State of California and resided in the County of Fresno, and therefore was a citizen of the State of California. MS. BURNHAM was employed by KENDAL in Fresno and Clovis, California, from January 10, 2006 to August 28, 2008. MS. BURNHAM worked for KENDAL in a Class Position during the FLSA Class Period, the ERISA Class Period, and the California Class Period. MS. BURNHAM worked hours in excess of forty hours per week and in excess of eight hours per day, without receiving proper payments for hours worked, including times when she did not receive the lawful minimum wage or that amount which other similarly qualified KENDAL employees were being compensated during the time period for similar work, benefits and/or overtime compensation for hours worked, as required by both California and federal law. MS. BURNHAM did not receive itemized wage statements and KENDAL failed to deduct proper tax and other amounts legally required to be withheld from her pay. MS. BURNHAM was not provided workers' compensation coverage or other benefits such as health benefits as required by California law. Ms. Burnham was not included in and not covered by the 401(k) Plan or the Other ERISA Benefits Plan which she was entitled to participate in as an employee of KENDAL. KENDAL did not ensure that MS. BURNHAM received proper meal and rest breaks or otherwise credit her for meal and rest breaks not taken. KENDAL failed to pay all amounts owing MS. BURNHAM upon termination. KENDAL made unlawful deductions from payments made to MS. BURNHAM, including for flowers not sold, and failed to reimburse her for all necessary and reasonable expenses incurred by her in connection with the performance of her job duties, all as required by applicable California laws, wage orders and regulations.

21. Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §216(b) and 256.

22. Defendant KENDAL FLORAL SUPPLY, LLC ("KENDAL") is a limited liability company organized and existing pursuant to the laws of the State of

California with its headquarters and principal place of business in Carlsbad, in the County of San Diego, and therefore KENDAL is a citizen of California. KENDAL and regularly and systematically injects itself into the commerce stream and does business throughout the State of California, including in San Diego, Santa Cruz, Los Angeles, and Fresno Counties. KENDAL is a grower, supplier and distributor of fresh cut flowers and manufactured bouquets throughout the United States including California, Arizona, Utah, Nevada, Colorado, Idaho, Oregon, and Washington, as well as Canada. The practices described herein were performed by KENDAL in this district and throughout the United States.

### *COLLECTIVE ACTION ALLEGATIONS*

23.    Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs.

24.    Plaintiff and KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant KENDAL's common practice, policy, or plan of unlawfully characterizing KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs as "independent contractors" and thereby failing and refusing to pay them minimum wage, overtime and other benefits in violation of the FLSA.

25.    The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the members of the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs.

26.    The names and addresses of the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs are available from KENDAL'S records. Notice should be

Class Action Complaint

1  provided to the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs via

2  both first class mail and posting in the offices where they have worked as soon as

3  possible.

4

5  ## *CALIFORNIA CLASS ACTION ALLEGATIONS*

6

7        27.    Plaintiff brings the Second, Third, Fourth, Fifth, Sixth and Seventh

8  Claims for Relief for violation of California's wage and hour and unfair competition

9  laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf

10  of all KENDAL EMPLOYEE California Class members, defined in paragraph 10.

11        28.    The KENDAL EMPLOYEE California Class is so numerous that

12  joinder of all members is impracticable. Plaintiff is informed and believes, and on

13  that basis alleges, that during the California Class Period Defendant KENDAL has

14  employed at least one hundred persons who satisfy the definition of the KENDAL

15  EMPLOYEE California Class.

16        29.    Common questions of law and fact exist as to members of the KENDAL

17  EMPLOYEE California Class, including, but not limited to, the following:

18        a.    Whether Defendant improperly misclassified Class members as

19  "independent contractors" rather than employees, in violation of Labor Code ¶

20  2750.5, and consequently denied them certain rights and benefits of employment

21  status.

22        b.    Whether Defendant unlawfully failed to pay minimum wage or the

23  amount which other similarly qualified KENDAL employees were being

24  compensated during the time period for similar work, and/or overtime compensation,

25  including overtime premium pay for hours worked in excess of 8 in a day and/or 40

26  in a week, in violation of the California Unfair Competition Law, Cal. Bus. & Prof.

27  Code § 17200 et seq., and the California Labor Code and related regulations, Cal.

28  Labor Code §§201, 202, 203, 226, 510, 1174, 1174.5, 1194, Cal. Wage Orders No. 4-

Class Action Complaint

1  2001, No. 7-2001 and California Minimum Wage Order.

2          c.      Whether Defendant deprived Class members of wage compensation as

3  required by Labor Code ¶ 226.7 and 8 California Code of Regulations § 11090, in the

4  amount of one hour of pay for each day on which a Class member did not take a meal

5  break within the time required by applicable Wage Orders and Code of California

6  Regulations.

7          d.      Whether Defendant deprived Class members of wage compensation as

8  required by Labor Code ¶ 226.7 and 8 California Code of Regulations § 11090, in the

9  amount of one hour of pay for each day on which a Class member did not take a rest

10 break within the time required by applicable Wage Orders and Code of California

11 Regulations.

12         e.      Whether Defendant unlawfully failed to keep and furnish Class

13 members with itemized wage statements and records of hours worked, in violation of

14 Labor Code §§ 226 and 1174;

15         f.      Whether Defendant deprived Class members of wage compensation by

16 making unlawful deductions from payments made to Class members, including for

17 flowers not sold, and/or failing to reimburse them for all necessary and reasonable

18 expenses incurred in connection with the performance of their job duties, in violation

19 of Labor Code §§ 221, 223, 400-410, and 2802.

20         g.      Whether Defendant deprived Class members of wage compensation as

21 required by Labor Code § 203 by failing to pay all wages due upon separation or

22 termination of employment.

23         h.      Whether Defendant deprived Class members of workers' compensation

24 coverage as required by Labor Code § 3700.

25         i.      Whether Defendant deprived Class members of benefits including health

26 benefits that Defendant provided other employees.

27         j.      Whether KENDAL'S policy and practice of misclassifying the Class

28 members as "independent contractors" and failing to provide the rights and benefits

12

1  due to employees constitutes an unlawful, unfair and/or fraudulent business practice

2  under California Business & Professions Code § 17200 et seq.

3      k.    The proper measure of damages sustained and the proper measure of

4  restitution recoverable by members of the KENDAL EMPLOYEE California Class.

5      30.   Plaintiff's claims are typical of the KENDAL EMPLOYEE California

6  Class members' claims. Plaintiff, like other KENDAL EMPLOYEE California Class

7  members, was subjected to KENDAL'S policy and practice of refusing to pay

8  minimum wage or the amount which other similarly qualified KENDAL employees

9  were being compensated during the time period for similar work, pay overtime

10  compensation, provide itemized wage statements, provide workers' compensation

11  coverage, provide meal and rest breaks, properly calculate compensation, deduct

12  proper tax and other amounts legally required to be withheld from pay, pay all

13  amounts owed upon termination and/or reimburse KENDAL EMPLOYEE California

14  Class members for all necessary and reasonable expenses incurred by them in

15  connection with the performance of their job duties, in violation of California law.

16  Plaintiff's job duties were typical of those of other KENDAL EMPLOYEE California

17  Class members.

18      31.   Plaintiff will fairly and adequately represent and protect the interests of

19  the KENDAL EMPLOYEE California Class. Plaintiff has retained counsel

20  competent and experienced in complex class actions, the FLSA and state labor and

21  employment litigation.

22      32.   Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims

23  for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because KENDAL has

24  acted or refused to act on grounds generally applicable to the KENDAL EMPLOYEE

25  California Class, making appropriate declaratory and injunctive relief with respect to

26  Plaintiff and the KENDAL EMPLOYEE California Class members as a whole.

27  Plaintiff and the KENDAL EMPLOYEE California Class members are entitled to

28  injunctive relief to end KENDAL'S common and uniform practice of failing to pay

minimum wage or the amount which other similarly qualified KENDAL employees were being compensated during the time period for similar work, pay overtime compensation, provide itemized wage statements, provide workers' compensation coverage, provide meal and rest breaks, properly calculate compensation, deduct proper tax and other amounts legally required to be withheld from pay, pay all amounts owed upon termination and/or reimburse Class members for all necessary and reasonable expenses incurred by them in connection with the performance of their job duties,

33.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the KENDAL EMPLOYEE California Class predominate over any questions affecting only individual members of the KENDAL EMPLOYEE California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. KENDAL'S common and uniform policies and practices unlawfully treat members of the KENDAL EMPLOYEE California Class as "independent contractors" when they are employees entitled to minimum wage or the amount which other similarly qualified KENDAL employees were being compensated during the time period for similar work, overtime compensation, itemized wage statements, workers' compensation coverage and other benefits including health benefits, meal and rest breaks, itemized wage statements and deductions for proper tax and other amounts legally required to be withheld from pay, payment of all amounts owed upon termination,  reimbursement for all necessary and reasonable expenses incurred in connection with performance of their job duties, and other rights and benefits accorded employees under California law. The damages suffered by individual KENDAL EMPLOYEE California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments

14

Class Action Complaint

about KENDAL'S practices.

34.   Plaintiff intends to send notice to all members of the KENDAL EMPLOYEE California Class as required by Fed. R. Civ. P. 23.

## *ERISA CLASS ACTION ALLEGATIONS*

35.   Plaintiff brings the Seventh and Eighth Claims for Relief for violation of ERISA as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(1), and/or (b)(2), on behalf of all ERISA Class members, as defined in paragraph 11.

36.   The ERISA Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, that during the ERISA Class Period, Defendant employed over 100 persons who satisfy the definition of the ERISA Class.

37.   Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a.   Whether Defendant failed and continues to fail to maintain accurate records of actual time worked and wages earned by Plaintiff and the ERISA Class;

b.   Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiff and the ERISA Class;

c.   Whether Defendant has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d.   Whether Defendant failed to include Plaintiff and the ERISA Class as participants in and provide coverage under the 401(k) Plan and the Other ERISA Benefits Plan to which they were entitled;

e.   Whether Defendant credited Plaintiff and the ERISA Class with all Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA;

f.   Whether Defendant violated ERISA's fiduciary standards by its failure

15

to credit Plaintiff and the ERISA Class with all Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA; and

38.    Plaintiff's claims are typical of those of the ERISA Class. Plaintiff, like all other ERISA Class members, was subject to Defendant's policies and practices of failing to include ERISA Class members in the 401(k) Plan and the Other ERISA Benefits Plan, and Defendant's policy and practice of failing to record time worked and credit compensation, including overtime compensation, earned or owing as Compensation under the 401(k) Plan.

39.    Plaintiff will fairly and adequately represent and protect the interests of the ERISA Class. Plaintiff has retained counsel competent and experienced in complex class actions and ERISA.

40.    Class certification of the Seventh and Eighth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the ERISA Class as a whole.

41.    Plaintiff intends to send notice to all members of the ERISA Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

*(Fair Labor Standards Act, Brought by Plaintiff on Behalf of Herself and the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs)*

42.    Plaintiff, on behalf of herself and all KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, re-alleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

16

Class Action Complaint

43.    At all relevant times, KENDAL has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, KENDAL has employed, and continues to employ, "employee[s]," including Plaintiff, and each of the collective KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs. At all relevant times, KENDAL has had gross operating revenues in excess of $500,000.

44.    Attached hereto as Exhibit 1 is the Consent to Sue form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs on this claim in the future.

45.    The FLSA requires each covered employer, including Defendant KENDAL, to compensate all non-exempt employees at the minimum wage for all hours worked, and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

46.    The KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs are entitled to be paid at the minimum wage for all hours worked, and are entitled to overtime compensation for all overtime hours worked.

47.    At all relevant times, KENDAL, pursuant to its policies and practices, failed and refused to pay minimum wage to the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs for all hours worked, and failed to pay overtime premiums to the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

48.    By failing to compensate Plaintiff and the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs at the minimum wage for all hours work and for failing to compensate Plaintiff and the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, KENDAL has

violated, and continues to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 206, 207(a)(1) and § 215(a).

49.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, KENDAL has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.     Plaintiff, on behalf of herself and the KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by KENDAL, as provided by the FLSA, 29 U.S.C. § 216(b).

52.     Plaintiff, on behalf of herself and KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

*(Cal. Wage Orders No. 4-2001, No. 7-2001 & California Minimum Wage Order; Cal. Labor Code §§ 510, 1182.11, 1194, 1197 Brought by Plaintiff on Behalf of Herself and the KENDAL EMPLOYEE California Class)*

53.     Plaintiff, on behalf of herself and all members of the KENDAL EMPLOYEE California Class, re-alleges and incorporates by reference paragraphs 1 through 52 as if they were set forth again herein.

54.     California law requires an employer, such as Defendant, to pay its

employees minimum wage or the amount which other similarly qualified employees are being compensated during the time period for similar work, for all hours worked, and to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

55.    Plaintiff and the KENDAL EMPLOYEE California Class members are non-exempt employees entitled to be paid minimum wage or the amount which other similarly qualified employees are being compensated during the time period for similar work, for all hours worked, and to be paid overtime compensation for all overtime hours worked.

56.    Throughout the California Class Period, and continuing through the present, Plaintiff and the KENDAL EMPLOYEE California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek. Plaintiff and certain KENDAL EMPLOYEE California Class members also worked in excess of twelve hours in a workday.

57.    During the California Class Period, Defendant misclassified Plaintiff and the KENDAL EMPLOYEE California Class members as "independent contractors" and thereby exempt from requirements to pay minimum wage or the amount which other similarly qualified employees are being compensated during the time period for similar work, for all hours worked, and to pay overtime compensation, and Defendant failed and refused to pay them at the proper rates for their hours worked.

58.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the KENDAL EMPLOYEE California Class members have sustained damages, including loss of earnings for hours worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

///

///

Class Action Complaint

**THIRD CLAIM FOR RELIEF**

*(California Wage Payment Provisions, Cal. Labor Code §§201, 202, & 203,*
*Brought by Plaintiff on Behalf of Herself and the KENDAL EMPLOYEE*
*California Class)*

59.    Plaintiff, on behalf of herself and all members of the KENDAL EMPLOYEE California Class, re-alleges and incorporates by reference paragraphs 1 through 58 as if they were set forth again herein.

60.    California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

61.    Plaintiff and all KENDAL EMPLOYEE California Class members who ceased employment with KENDAL are entitled to unpaid compensation, but to date have not received such compensation.

62.    More than thirty days have passed since Plaintiff and certain KENDAL EMPLOYEE California Class members left Defendant's employ.

63.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and KENDAL EMPLOYEE California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

///

///

///

///

///

Class Action Complaint

## FOURTH CLAIM FOR RELIEF

*(California Record-Keeping Provisions, Cal. Wage Orders No. 4-2001 & No. 7-2001; Cal. Labor Code §§226, 1174, & 1174.5, Brought by Plaintiff on Behalf of Herself and the KENDAL EMPLOYEE California Class)*

64.    Plaintiff, on behalf of herself and all members of the KENDAL EMPLOYEE California Class, re-alleges and incorporates by reference paragraphs 1 through 63 as if they were set forth again herein.

65.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to Plaintiff and KENDAL EMPLOYEE California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to Plaintiff and KENDAL EMPLOYEE California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and KENDAL EMPLOYEE California Class members as required under Labor Code § 1174(d).

66.    Plaintiff and KENDAL EMPLOYEE California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

///
///
///
///
///

Class Action Complaint

# FIFTH CLAIM FOR RELIEF

*(California Meal and Rest Period Provisions, Cal. Wage Orders No. 4-2001 &*
*No. 7-2001; Cal. Labor Code §§ 218.5, 226.7, & 512, Brought by Plaintiff on*
*Behalf of Herself and the KENDAL EMPLOYEE California Class)*

67.    Plaintiff, on behalf of herself and all members of the KENDAL EMPLOYEE California Class, re-alleges and incorporates by reference paragraphs 1 through 66 as if they were set forth again herein.

68.    Plaintiff and KENDAL EMPLOYEE California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Orders No. 4-2001 & No. 7-2001, § 11(a).

69.    In addition, Plaintiff and KENDAL EMPLOYEE California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Orders No. 4-2001 & No. 7-2001, § 12

70.    As a result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the KENDAL EMPLOYEE California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Orders No. 4-2001 & No. 7-2001, § 11(b).

71.    As a result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the KENDAL EMPLOYEE California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Orders No. 4-2001 & No. 7-2001, § 12(b).

22

## SIXTH CLAIM FOR RELIEF

*(Reimbursement of Business Expenses and Unlawful Deductions from Wages Provisions, Cal. Wage Orders No. 4-2001 & No. 7-2001; Cal. Labor Code §§ 221, 223, 400-410, & 2802, Brought by Plaintiff on Behalf of Herself and the KENDAL EMPLOYEE California Class)*

72.     Plaintiff, on behalf of herself and all members of the KENDAL EMPLOYEE California Class, re-alleges and incorporates by reference paragraphs 1 through 71 as if they were set forth again herein.

73.     Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

74.     Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

75.     Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

76.     Labor Code §§ 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

77.     These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; or taking deductions from wages for business losses in any form unless the employer can establish that the

1   loss was caused by a dishonest or willful act, or gross negligence of the employee.

2      78.   Defendant has violated <u>Cal. Labor Code §§ 221</u>, <u>223</u>, <u>400</u>-<u>410</u>, & 2802

3   and IWC wage order Nos. 4 & 7, § 8 by unlawfully taking deductions from

4   Plaintiff's and the KENDAL EMPLOYEE California Class' compensation to cover

5   certain ordinary business expenses of Defendant, including but not limited to

6   deductions for unsold flowers and "shrinkage", and by failing to reimburse and the

7   KENDAL EMPLOYEE California Class for such expenditures.

8      79.   Because Defendant made such unlawful deductions and/or failed to

9   reimburse Plaintiff and the KENDAL EMPLOYEE California Class for such

10  expenditures, Plaintiff and the KENDAL EMPLOYEE California Class has been

11  injured and Defendant is liable for the compensation that should have been paid but

12  for the unlawful deductions and/or amount of expenses that should have been

13  reimbursed, pursuant to <u>Cal. Labor Code §§ 221</u>, <u>223</u>, <u>400</u>-<u>410</u>, & 2802 and IWC

14  wage order Nos. 4 & 7, § 8.

15     80.   By unlawfully deducting wages and failing to pay Plaintiff and the

16  KENDAL EMPLOYEE California Class members, Defendant is also liable for

17  reasonable attorneys' fees and costs under <u>Labor Code § 218.5</u>.

18

19                  **SEVENTH CLAIM FOR RELIEF**

20  *(California Unfair Competition Law, Brought by Plaintiff on Behalf of Herself*

21              *and the KENDAL EMPLOYEE California Class)*

22

23     81.   Plaintiff, on behalf of herself and all members of the KENDAL

24  EMPLOYEE California Class, re-alleges and incorporates by reference paragraphs 1

25  through 80 as if they were set forth again herein.

26     82.   The foregoing conduct, as alleged, violates the California Unfair

27  Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Section 17200 of

28  the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any

Class Action Complaint

1    unlawful or unfair business acts or practices.

2        83.    Beginning at a date unknown to Plaintiff, but at least as long ago as four

3    years before the filing of this action, Defendant committed, and continues to commit,

4    acts of unfair competition, as defined by the UCL, by, among other things, engaging

5    in the acts and practices described herein. Defendant's conduct as herein alleged has

6    injured Plaintiff and the KENDAL EMPLOYEE California Class by wrongfully

7    denying them earned wages, and therefore was substantially injurious to Plaintiff and

8    to the KENDAL EMPLOYEE California Class.

9        84.    Defendant engaged in unfair competition in violation of the UCL by

10   violating, inter alia, each of the following laws. Each of these violations constitutes

11   an independent and separate violation of the UCL:

12        a. The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

13        b. California Labor Code § 1194;

14        c. California Labor Code §§ 201, 202, & 203;

15        d.  California Labor Code §§ 218.5, 226.7, & 512;

16        e. California Labor Code §§ 221, 223, 400-410, & 2802

17        f. California Labor Code § 1174;

18        g. California Labor Code §§ 1182.11 & 1197; and

19        h. California Labor Code § 510, which provides in relevant part:

20   Any work in excess of eight hours in one workday and any work in excess of 40

21   hours in any one workweek and the first eight hours worked on the seventh day of

22   work in any one workweek shall be compensated at the rate of no less than one and

23   one-half times the regular rate of pay for an employee. Any work in excess of 12

24   hours in one day shall be compensated at the rate of no less than twice the regular

25   rate of pay for an employee. In addition, any work in excess of eight hours on any

26   seventh day of a workweek shall be compensated at the rate of no less than twice the

27   regular rate of pay of an employee.

28        85.    Defendant's course of conduct, acts, and practices in violation of the

Class Action Complaint

California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

86.   The unlawful and unfair business practices and acts of Defendant, described above, have injured the KENDAL EMPLOYEE California Class members in that they were wrongfully denied the payment of minimum wage, benefits and/or overtime compensation.

87.   Plaintiff, on behalf herself and the KENDAL EMPLOYEE California Class members, seeks recovery of attorneys' fees and costs of this action to be paid by KENDAL, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

88.   Plaintiff, on behalf of herself and the KENDAL EMPLOYEE California Class, seeks restitution in the amount of the respective unpaid wages earned and due for all hours worked.

## EIGHTH CLAIM FOR RELIEF

### (ERISA § 502(a)(3) Based on Failure to Maintain Records Brought by Plaintiff on Behalf of Herself and the ERISA Class)

89.   Plaintiff, on behalf of herself and the ERISA Class, re-alleges and incorporates by reference paragraphs 1 through 88 as if they were set forth again herein.

90.   ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

91.   On information and belief, the 401(k) Plan is an employee pension

Class Action Complaint

benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). On information and belief, KENDAL provides its employees other benefits, including but not limited to health coverage, vacation and sick pay ("Other ERISA Benefits Plan"), which constitutes an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

92.    On information and belief, pursuant to the terms of the 401(k) Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their Compensation, which includes, among other things, employees' wages.   On information and belief, pursuant to the terms of the Other ERISA Benefits Plan, employees' rights to benefits including health coverage and vacation and sick pay are dependent, in part, on their hours worked.

93.    By its failure to record and/or report all of the hours worked by Plaintiff and members of the prospective ERISA Class, Defendant has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan participants and accrual rights under the Other ERISA Benefits Plan, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

94.    In order to remedy this violation of ERISA by Defendant, Plaintiff on behalf of herself and members of the ERISA Class seeks injunctive relief, benefits, restitution, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

95.    Plaintiff on behalf of herself and members of the ERISA Class seeks recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

///

///

Class Action Complaint

## NINTH CLAIM FOR RELIEF

### *(ERISA § 2 et seq. (29 U.S.C. § 1001 et seq.), Brought by Plaintiff on Behalf of Herself and the ERISA Class)*

96.    Plaintiff, on behalf of herself and the ERISA Class, re-alleges and incorporates by reference paragraphs 1 through 95 as if they were set forth again herein.

97.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

98.    On information and belief, the governing instrument of the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

99.    On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited under the 401(k) Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

100.   Defendant has breached its fiduciary duties by failing to include Plaintiff and the ERISA Class in the 401(k) Plan and by failing to credit compensation due for work performed by the Plaintiff and the members of the ERISA Class as

Compensation under the 401(k) Plan.

101.   Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiff on behalf of herself and all members of the ERISA Class seeks an injunction requiring Defendant to include all members of the ERISA Class in the 401(k) Plan and to credit them with Compensation under the 401(k) Plan for all of the past and future work performed by those Class members and any such other equitable relief as this Court deems appropriate.

102.   Plaintiff on behalf of herself and members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## TENTH CLAIM FOR RELIEF
### *(Plan Enforcement Under ERISA, § 502(a)(1)(B))*

103.   Plaintiff, on behalf of herself and the ERISA Class, re-alleges and incorporates by reference paragraphs 1 through 102 as if they were set forth again herein.

104.   Under the Employee Retirement Income Security Act of 1974 ("ERISA"), §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to clarify and enforce her rights and those of the ERISA Class Members pertaining to all benefits owed under any plans for which they are eligible, include the 401K Plan and the Other ERISA Benefits Plan.

105.   Plaintiff has either attempted to exhaust administrative remedies but was prevented by Defendant from exhausting such remedies, or exhaustion would be futile wherein Defendant has adjudged Plaintiff and the ERISA Class Members to be independent contractors rather than employees.

106.   By wrongfully classifying Plaintiff and the ERISA Class Members as ineligible under the 401K Plan and the Other ERISA Benefits Plan, Defendant has

Class Action Complaint

1  violated, and continues to violate, the terms of the plans and the rights of Plaintiff and

2  the ERISA Class thereunder.

3      107.  Plaintiff and the ERISA Class Members are properly classified as

4  employees and have the right to payment of benefits pursuant to the Defendant's

5  ERISA benefit plans. Accordingly, under 29 U.S.C. §1132(a)(1)(B), Plaintiff and the

6  ERISA Class Members are entitled to declaratory relief as to pension, health,

7  disability, group insurance, dependent care, and/or other benefits that were not paid

8  as a result of their improper classification and an award of such benefits or the value

9  thereof.

### *PRAYER FOR RELIEF*

12  WHEREFORE, Plaintiff on behalf of herself and all members of the

13  Nationwide FLSA Class, prays for relief as follows:

14  A.  Designation of this action as a collective action on behalf of the

15  KENDAL EMPLOYEE Nationwide FLSA Collective Plaintiffs (asserting FLSA

16  claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

17  situated members of the FLSA Opt-In Class, apprising them of the pendency of this

18  action, and permitting them to assert timely FLSA claims in this action by filing

19  individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

20  B.  Designation of Plaintiff as Representative of the KENDAL

21  EMPLOYEE Nationwide FLSA Collective Plaintiffs;

22  C.  A declaratory judgment that the practices complained of herein are

23  unlawful under the FLSA;

24  D.  An award of damages, according to proof, including liquidated damages,

25  to be paid by Defendant;

26  E.  Costs of action incurred herein, including expert fees;

27  F.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

28  G.  Post-Judgment interest, as provided by law; and

Class Action Complaint

1       H.     Such other legal equitable relief as this Court deems necessary, just, and

2    proper.

3

4       WHEREFORE, Plaintiff on behalf of herself and all members of the California

5    Class, prays for relief as follows:

6       I.      Certification of this action as a class action on behalf of the California

7    Class;

8       J.      Designation of Plaintiff as the California Class Representative;

9       K.    A declaratory judgment that the practices complained of herein are

10   unlawful under California law;

11      L.    Appropriate equitable and injunctive relief to remedy Defendant's

12   violations of California law, including but not necessarily limited to an order

13   enjoining Defendant from continuing its unlawful practices;

14      M.   Appropriate statutory penalties;

15      N.    Damages and restitution, including waiting time penalties, meal and rest

16   break violation payments, record-keeping penalties, minimum wage, benefits and

17   overtime wages to be paid by Defendant according to proof;

18      O.    Pre-Judgment and Post-Judgment interest, as provided by law;

19      P.     Such other injunctive and equitable relief as the Court may deem just

20   and proper; and

21      Q.    Attorneys' fees and costs of suit, including expert fees and fees.

22

23      WHEREFORE, Plaintiff on behalf of herself and all members of the ERISA

24   Class, pray for relief as follows:

25      R.    Certification of this action as a class action on behalf of the proposed

26   ERISA Class;

27      S.    Designation of Plaintiff as Representative of the ERISA Class;

28      T.    A declaration that the practices complained of herein violate ERISA §

Class Action Complaint

209(a), 29 U.S.C. § 1129(a) and that Plaintiff and the ERISA class members are full participants in all ERISA plans otherwise available to Defendant's other employees;

  U. Appropriate equitable and injunctive relief including retroactive benefits and equitable restitution to remedy Defendant's violations of ERISA § 209(a);

  V. A declaration that Defendant has breached its fiduciary duties by failing to include Plaintiff and the ERISA Class in the 401(k) Plan and the Other ERISA Benefits Plan and failing to credit the Plaintiff and the ERISA Class with Compensation for all work performed, as required by ERISA and the terms of the 401(k) Plan;

  W. An order requiring that Defendant remedy its breaches of fiduciary duty by crediting Plaintiff and the ERISA Class with Compensation for all of their past, present, and future uncompensated work;

  X. Attorneys' fees and costs of suit; and

  Y. Such other injunctive and equitable relief as the Court may deem necessary, just, and proper.

Dated: November 11, 2008    THE GARCIA LAW FIRM
               HOWARTH & SMITH

             By: _____
               Don Howarth
               *Counsel for Plaintiff and Proposed*
               *Counsel for the Putative Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: November 11, 2008    THE GARCIA LAW FIRM
               HOWARTH & SMITH

             By: _____
               Don Howarth
               *Counsel for Plaintiff and Proposed*
               *Counsel for the Putative Class*

EXHIBIT
I

## CONSENT TO JOIN AND SUE FORM

### Consent to Sue under the Fair Labor Standards Act (FLSA)

I, Jennifer Burnham, was an employee of Kendal Floral Supply, LLC (Kendal) beginning in January, 2006.

I have read and approve the complaint in *Burnham v. Kendal Floral Supply, LLC* and consent to and choose to participate in the FLSA collective action, among other causes of action, set forth therein.

I choose to be represented in this matter by the named plaintiff and counsel (Howarth & Smith and The Garcia Law Firm) in this action.

Jennifer Burnham

10 Day of November, 2008

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV08- 7461 SVW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Stephen M. Garcia, SBN 123338
David M. Medby, SBN 227401
The Garcia Law Firm

Don Howarth, SBN 53783
Howarth & Smith

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Burnham, individually and on behalf of a class of others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>Kendal Floral Supply, LLC<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-07461 SVW (CWx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  Kendal Floral Supply, LLC

     A lawsuit has been filed against you.

     Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  The Garcia Law Firm _____, whose address is  One World Trade Center, #1950, Long Beach, CA 90831 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  NOV 1 2 2008 _____

By: _____

         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Jennifer Burnham, individually and on behalf of a class of others similarly situated, | Kendal Floral Supply, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| The Garcia Law Firm, 1 World Trade Ctr, #1950, Long Beach, CA 90831<br>Howarth & Smith, 523 W. Sixth St., #728, Los Angeles, CA 90014 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of FLSA (29 U.S.C. Section 201, et seq.) & Other COA's Based on Both Federal and State Law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV08-07461 _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

                                ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Fresno |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved                                                    .

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date ___11/12/08___

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |