Robert A. Levy, State Bar No. 095684
Marie Burke Kenny, State Bar No. 183640
  mkenny@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
6010 W. Broadway, Suite 2600
San Diego, California 92101
Telephone: 619.699.2408
Facsimile: 619.645.5352

*Attorneys for Defendant Kendal Floral Supply LLC*

Stephen M. Garcia, State Bar No. 123338
  sgarcia@lawgarcia.com
THE GARCIA LAW FIRM
One World Trade Center, Suite 1950
Long Beach, California 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

Don Howarth, State Bar No. 53783
Suzelle M. Smith, State Bar No. 113992
Darcy R. Harris, State Bar No. 200594
  dharris@howarth-smith.com
HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791

*Attorneys for Plaintiff and the Settlement Class*

FILED
CLERK U.S. DISTRICT COURT

MAR 12 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BURNHAM, individually and on behalf of a class of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KENDAL FLORAL SUPPLY, LLC, <br><br> Defendant. | Case No. CV08-7461-SVW(CWx) <br><br> [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT <br><br> Date: March 8, 2010 <br> Time: 1:30 p.m. <br> Courtroom: 6 |

10:P450002.doc

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  On March 8, 2010, a hearing was held on the joint motion of Plaintiff Jennifer Burnham and Defendant Kendal Floral Supply, LLC ("Kendal") (collectively the "Parties"), for Final Approval of their Class Action Settlement; and on separate motion of Plaintiff and Class Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses. Don Howarth, Suzelle M. Smith of Howarth & Smith and Stephen M. Garcia of the Garcia Law Firm appeared for Plaintiff and the Class, and Marie Burke Kenny and Robert Levy of Luce, Forward, Hamilton & Scripps LLP appeared for Defendant Kendal.

The Parties have submitted their Joint Stipulation of Class Action Settlement (the "Settlement"), filed on August 31, 2009, (Docket No. 28), which this Court preliminarily approved in its September 29, 2009 Order Preliminarily Approving Settlement and Providing for Notice, (Docket No. 31) ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given due and adequate notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, the Court's record of this action, and the evidence and argument received by the Court at the final approval hearing on March 8, 2010, the Court being fully informed in the premises and good cause appearing therefore, by means of this order (the "Final Approval Order") grants final approval to the Settlement and HEREBY ORDERS, ADJUDGES and DECREES as follows:

1. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over all parties to this litigation, including all members of the Class.

2. Pursuant to the Preliminary Approval Order, a Notice of Pendency of Class Action, Proposed Settlement and Hearing for Final Court Approval ("Notice"), Class Member Opt-In and Claim Form ("Claim Form"), and Class

1 | Member Opt-Out or Request for Exclusion Form ("Exclusion Form")
2 | (collectively the "Class Notice") was sent to each Class Member by first-class
3 | mail. These papers informed Class Members of the terms of the Settlement, their
4 | right to claim a share of the settlement proceeds, the proposed amount of
5 | attorneys fees, the proposed incentive payment for the named class
6 | representative, the deduction of litigation and administrative costs, their right to
7 | object to the Settlement or elect not to participate in the Settlement and pursue
8 | their own remedies, and their right to appear in person or by counsel at the final
9 | approval hearing and be heard regarding approval of the Settlement. Notice was
10 | provided with ample time for the Class Members to follow these procedures.

11 |      3.    The Court finds and determines that this notice procedure afforded
12 | adequate protections to Class Members and provides the basis for the Court to
13 | make an informed decision regarding approval of the Settlement based on the
14 | responses of the Class Members. Notice was accomplished in all material
15 | respects in the manner prescribed by the Settlement. The Court finds and
16 | determines that the notice provided in this case was the best notice practicable,
17 | which satisfies the requirements of the Federal Rules of Civil Procedure
18 | (including Rules 23(c), (d), (e) and (h)), the United States Constitution (including
19 | the Due Process Clause), the Rules of this Court, and any other applicable law.

20 |      4.    With respect to the Class, this Court now finds and concludes,
21 | particularly in light of the Settlement, that: (a) the members of the class are so
22 | numerous that joinder of all class members in the litigation is impracticable; (b)
23 | there are questions of law and fact common to the class which, as to the
24 | Settlement and all related matters, predominate over any individual questions; (c)
25 | the claims of the Class Representative and Representative Plaintiff are typical of
26 | the claims of the class; (d) in negotiating and entering into the Settlement, the
27 | Class Representative and Representative Plaintiff and her counsel have fairly and
28 | adequately represented and protected the interests of all of the Class Members;

1  and (e) a class action is superior to other available methods for the fair and
2  efficient adjudication of the controversy considering (i) the interests of the
3  members of the class in individually controlling the prosecution of separate
4  actions, (ii) the extent and nature of any litigation concerning the controversy
5  already commenced by members of the class, (iii) the desirability or
6  undesirability of concentrating the litigation of these claims in this particular
7  forum, and (4) the difficulties likely to be encountered in the management of this
8  class action.

9      5.    This Court finds and determines that the Class, as defined in the
10 Settlement and paragraph 1 of the Preliminary Approval Order, meets all the
11 legal requirements for class certification under Federal Rule of Civil Procedure
12 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Class is finally
13 approved and certified as a class for purposes of settlement of this action as
14 follows:

15     a.    "ERISA Class": "Any and all merchandisers who performed
16 services for Defendant during the period November 12, 2002 through the date of
17 preliminary approval of this Agreement by the Court [September 29, 2009]."

18     b.    "FLSA Non-CA Class": "Any and all merchandisers who
19 performed services for Defendant outside of California during the period
20 November 12, 2006 through the date of preliminary approval of this Agreement
21 by the Court [September 29, 2009]."

22     c.    "FLSA-CA Class": "Any and all merchandisers who
23 performed services for Defendant in the state of California during the period
24 November 12, 2004 through the date of preliminary approval of this Agreement
25 by the Court [September 29, 2009]."

26     6.    This Court finds and determines that the action meets all of the legal
27 requirements for certification as a collective action under section 16(b) of the
28 FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of

1. Plaintiff's complaint, and it is hereby ordered that the action is certified as a collective action for purposes of settlement of this action.

2. 7. Pursuant to Rule 23(e), the Court further finds and determines that (a) the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member, (b) no Class Members have objected to the Settlement, (c) only one Class Member has opted out, (d) the Settlement is ordered finally approved, and (e) all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class and Kendal after thorough factual and legal investigation and analysis.

8. The Court further finds that the response to the notice given to the Class reflects strong Class support for the Settlement and further supports the conclusion that the Settlement is fair, adequate, and reasonable. Of the 371 class members, 235 (63.3%) submitted valid, timely claims, and only one class member elected not to participate in the Settlement. Further, no Class Members submitted written objections or stated their intent to appear at the final approval hearing.

9. The Court confirms as final the appointment of Plaintiff Jennifer Burnham as the Class Representative under Rule 23 and as the Representative Plaintiff of the FLSA class under section 16(b).

10. The Court confirms as final the appointment of the following law firms as Class Counsel for the Rule 23 and FLSA classes: The Garcia Law Firm, One World Trade Center, Suite 1950, Long Beach, California 90831 and Howarth & Smith, 523 West Sixth Street, Suite 728, Los Angeles, California 90014.

1    11.   The Court finds and determines that Plaintiff and Class Counsel
2    have fairly and adequately represented the interests of the Class in this matter and
3    in its resolution.
4    12.   The Court finds and determines that the payments to be made to the
5    Class Members as provided for in the Settlement are fair and reasonable. The
6    proposed plan of allocation is rationally related to the relative strengths of the
7    respective claims asserted. The Court hereby gives final approval to and orders
8    the payment of those amounts be made to the claimants out of the Settlement
9    Fund Account in accordance with the terms of the Settlement. Specifically, the
10   Court orders the following payments to be made out of the $2,600,000 Gross
11   Cash Settlement Amount from the Settlement Fund Account as follows:

The award of attorneys' fees and costs to Class Counsel as reflected in the Court's separately entered Order on Plaintiff's Motion for Award of Attorneys' Fees and Reimbursement of Expenses;

The ~~$25,000~~ $7,500 Enhancement Award to Class Representative and Representative Plaintiff Jennifer Burnham;

The fees for the Settlement Administrator Rust Consulting incurred up until June 3, 2009;

The fees for the Parties jointly retained expert, Resolution Economics, incurred up until June 3, 2009, in the amount of $57,168, which have been advanced by counsel and are therefore payable directly to Defense Counsel in the amount of $28,584 and to Class Counsel in the amount of $28,584;

The $10,000 payment to the Labor Workforce Development Agency for PAGA penalties; and

Up to $50,000 for Defendant Kendal's share of the employer payroll taxes. After deduction of the above payments from the Gross Settlement Amount, the remaining Net Settlement Amount will be paid to the 235 Class Members who submitted valid, timely claims in accordance with the terms of the Settlement and

the Plan of Allocation. The remainder of the Net Settlement Amount for which no valid, timely claims have been submitted shall revert and be paid to Defendant Kendal.

13. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $10,000 as its share of the settlement of civil penalties under the California Labor Code pursuant to the Labor Code Private Attorneys General Act, Cal. Gov't Code § 2698 et seq., is fair, reasonable, and appropriate, and the Settlement extinguishes Kendal's liability for civil penalties to the State of California, Plaintiff, or participating Class Members in accordance with the Settlement.

14. Within 30 days of entry of this Order, Kendal shall convert the employment status of all Class Members and all those working for Kendal as Merchandisers from independent contractors to employees.

15. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Kendal make payments in accordance with the terms of the Settlement.

16. Upon completion of the administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

17. Except as to any individual who has validly and timely requested exclusion from the Class, by operation of the entry of this Final Approval Order and pursuant to the Settlement, Representative Plaintiff and all Settlement Class Members, all of their officers, agents, employees, attorneys, assigns, heirs, representatives, estates, all persons in privity with them, and all persons acting in concert or participation with them, either directly, indirectly, representatively or in any other capacity, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the

Released Persons in this or any other forum. The Court has reviewed the release in section H of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, the FLSA and all other applicable law.

18. By operation of the entry of this Final Approval Order and pursuant to the Settlement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Representative Plaintiff, each only in their capacity as such, from all claims (including "unknown claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Action or the Released Claims.

19. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Civil Procedures 58(a)(1).

20. The Court hereby orders the Complaint dismissed with prejudice within forty-five (45) days, provided that Defendant has made the payments described in § E of the Settlement, with each side to bear its own costs and attorneys' fees except as provided for by the Settlement and the Court's orders.

21. Without affecting the finality of the Court's judgment in any way, the Court will retain continuing and exclusive jurisdiction over the Parties and all Class Members for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

**IT IS SO ORDERED.**

Dated: *March 11*, 2010            UNITED STATES DISTRICT COURT

                                   _____
                                   Hon. Stephen V. Wilson
                                   Judge, United States District Court